POPE & TALBOT, a corporation, *et als.,* owners of the
schooner Mary E. Foster, *vs.* THE FEARLESS, etc., J.
D. SPRECKELS & BROTHERS COMPANY, claimant.

## July 30; 1908.

*Liability of towing vessel for injury to tow:*   A vessel in tow is
stranded through the negligence of the tug; she floats off in such a position
in a narrow channel that her rescue is a matter of difficulty but yet practi-
cable with exercise of reasonable care and skill.   The same tug attempts the
rescue in which attempt she is again stranded.   *Held,* that the tug is liable
for second stranding through its failure to exercise sufficient care and skill
to save her, and not because of its negligence in causing the first stranding.

*Same:*   Had the second stranding been inevitable in consequence of the
first stranding, the tug would be liable whether it had attempted to rescue
her afterwards or not.

*In Admiralty*:   Motion for rehearing.

*Kinney, McClanahan & Derby,* Proctors for Libelant.
*Holmes & Stanley,* and *R. W. Breckons* and *C. H. Olson,*
Proctors for Libellee.

DOLE, J.   This motion for a rehearing is on account of the
fourth exception to the second amended libel, which is identical
with the fourth exception to the original libel and the amended
libel.   The court overruled this exception to the amended libel
as to the first stranding and allowed it as to the second strand-
ing.   Upon the same exception to the second amended libel the
court made a similar ruling, there being substantially no ar-
gument of such exception at that time.

The point now raised is that the second amended libel shows
a sufficient allegation of negligence by the Fearless in relation
to the second stranding for trial on that point.   The fourth
exception to the amended libel was allowed by the court as to
the second stranding on the ground that the allegations were
such that the operation of towing the schooner stern first was
necessary; that it was a difficult operation and likely to result

in a second stranding, and that there was no sufficient allegation of any negligence on the part of the claimant. In the second amended libel it is charged that the schooner after floating from the reef "was in a dangerous position with her stern towards the harbor but not in such a position that she could not have been towed safely away therefrom," and it was alleged that in spite of the difficulties of the situation, which were caused by the Fearless herself, referring to the operation leading up to the first stranding, she negligently towed the schooner by heading her toward the reef and ran her in dangerous proximity thereto which she might have avoided, and so caused the second stranding.

These allegations change the character of the libel on this point so that there is a clear-cut charge of negligence in connection with the second stranding. Although in the argument counsel for libelant still insisted that the Fearless was responsible for the second stranding on account of its negligence in getting the schooner into the dangerous position which made the second stranding likely, I look at the case in this way: If the second stranding was inevitable on account of conditions resulting from the position of the schooner after floating off from the first stranding, then the claimant would, on account of his negligence through which such stranding took place, be responsible and liable, but if, after the first stranding and after the Fearless attempted to take the vessel back into the harbor stern first, the situation being such that that could be done with proper care, and the second stranding resulted as alleged from the negligence of the claimant, then the claimant is liable for the second stranding on account of the negligence which proximately led to it and not because of the negligence which led to the first stranding. The claimant's attempt to tow the schooner into the harbor after the first stranding being such an interference with the natural course of things resulting from the first stranding that the question of the consequences of the first negligence is too vague and too remote for the court to consider.

Under these considerations the decision upon the fourth exception to the second amended libel is modified and the same is overruled as to both strandings.   The motion for a rehearing is allowed.